## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OAKLEY, INC.,

        Plaintiff,

v.

TMART LIMITED,

        Defendant.

Case No. 19-cv-04330

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") hereby brings the present action against Defendant TMart Limited ("TMart" or "Defendant") and alleges as follows:

### I. INTRODUCTION

1.    This action has been filed by Oakley to address Defendant's selling and offering for sale of gloves, sunglasses, and other products featuring infringements and/or counterfeits of Oakley's trademarks and/or patented designs (the "Infringing Products") through Defendant's website at TMart.com.  Oakley seeks to address Defendant's infringement and/or counterfeiting of its registered trademarks and patented designs, as well as to protect unknowing consumers from purchasing low-quality Infringing Products over the Internet from China.  Oakley has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and patented designs as a result of Defendant's actions and seeks injunctive and monetary relief.

### II. JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Patent Act, 35 U.S.C.

§ 1, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant directly targets business activities toward consumers in Illinois and causes harm to Oakley's business within this Judicial District. Defendant has targeted sales from Illinois residents by operating a fully interactive and commercial website that offers to sell and has sold Infringing Products to residents of Illinois at TMart.com. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Oakley substantial injury in the State of Illinois.

### III. THE PARTIES

**Plaintiff Oakley**

4.       Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.       Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A.

6.       Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, gloves, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design. Among the purchasing public, genuine Oakley Products are instantly recognizable as such. In the United States and around the world, the Oakley brand

2

has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, apparel, footwear, outerwear, jackets, gloves and accessories in the world.

7.    Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official Oakley.com website which was launched in 1995, and Oakley O Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

8.    Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products.  As a result of its long-standing use, Oakley owns common law trademark rights in the Oakley Trademarks.  Oakley has also registered its trademarks with the United States Patent and Trademark Office.  Oakley Products typically include at least one of Oakley's registered trademarks.  Oakley uses its trademarks in connection with the marketing of Oakley Products, including, but not limited to, the following marks which are collectively referred to as the "Oakley Trademarks."

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,521,599 | OAKLEY | For: Sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces in class 9. |
| 1,522,692 | OAKLEY | For: Clothing, namely, shirts and hats in class 25. |
| 2,293,046 | OAKLEY | For: Clothing, headwear and footwear and footwear, namely, sport shirts, jerseys, shirts, jackets, vests, sweatshirts, pullovers, coats, ski pants, headwear, caps, shoes, athletic footwear, all purpose sports footwear and socks in class 25. |
| 3,153,943 | OAKLEY | For: Prescription eyewear, namely, sunglasses and spectacles; eyewear containing electronics devices, namely, protective eyewear, eyeglasses, sunglasses and spectacles; electronics, namely portable digital electronic devices for recording, organizing, and |

| | | |
|---|---|---|
| | | reviewing text, data and audio files; computer software for use in recording, organizing, and reviewing text, data and audio files on portable digital electronic devices; transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; communication devices for use on eyewear, namely earpieces, transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; wearable audio visual display, namely, protective eyewear, eyeglasses, sunglasses and spectacles containing an audio visual display; wireless telecommunications modules in class 9. |
| 3,771,517 | OAKLEY | For: Retail store services and on-line retail store services featuring eyewear, replacement lenses, eyewear nosepiece kits, clothing, headwear, footwear, watches, decals, electronics devices, posters, athletic bags, handbags, backpacks and luggage in class 35. |
| 1,984,501 |  | For: Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9.<br><br>For: Clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps in class 25. |
| 3,771,516 |  | For: Retail store services and on-line retail store services featuring eyewear, replacement lenses, eyewear nosepiece kits, clothing, headwear, footwear, watches, decals, electronics devices, posters, athletic bags, handbags, backpacks and luggage in class 35. |

4

| | | |
|---|---|---|
| 5,109,790 |  | For: Gloves in class 25. |
| 3,151,994 |  | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. |
| 2,698,855 | FACTORY PILOT | For: Clothing, headwear and footwear, namely t-shirts, sweatshirts, blouses, sport shirts, jerseys, skiwear, shorts, pants, sweat pants, coats, vests, jackets, swimwear, hats, visors, caps, gloves, clothing belts, socks, sandals and shoes in class 025. |
| 2,740,800 | FACTORY PILOT | For: Sporting goods, namely mountain bike gloves in class 028. |
| 3,331,124 |  | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants in class 9.<br><br>For: Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swimtrunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots in class 25. |

9.    The above registrations for the Oakley Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.   The Oakley

Trademarks have been used exclusively and continuously by Oakley for many years, and have never been abandoned.  Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the Oakley Trademarks included in the above table. Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Oakley Trademarks are conclusive evidence of the validity of the Oakley Trademarks and of the registration of the Oakley Trademarks, of Oakley's ownership of the Oakley Trademarks, and of Oakley's exclusive right to use the Oakley Trademarks in commerce.  15 U.S.C. §§ 1115(b), 1065.

10.     The Oakley Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials.  Oakley Products have long been among the most popular eyewear in the world and have been extensively promoted and advertised at great expense.  In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring the Oakley Trademarks.  Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and are renowned as desired luxury items.  Because of these and other factors, the Oakley name and the Oakley Trademarks have become famous throughout the United States.

11.     The Oakley Trademarks are distinctive when applied to Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards.  Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing its trademarks are manufactured to the highest quality standards.  The Oakley Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks.  As such, the goodwill associated with the Oakley Trademarks is of incalculable and inestimable value to Oakley.

12.     Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at Oakley.com.  Sales of Oakley Products via the Oakley.com website represent a significant portion of Oakley's business.  The Oakley.com website features proprietary content, images and designs exclusive to Oakley.

13.     Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame and have made the Oakley Trademarks some of the most well-known marks in the eyewear and apparel industry.  The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the Oakley Trademarks valuable assets of Oakley.

14.     Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Oakley Trademarks.  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley.  Oakley is a multi-million dollar operation, and Oakley Products have become among the most popular of their kind in the world.

15.     In addition to Oakley's valuable trademarks, Oakley Products are further known for their distinctive patented designs.  Like the Oakley Trademarks, these designs are broadly recognized by consumers.  Sunglasses fashioned after these designs are associated with the quality and innovation that the public has come to expect from Oakley Products.  Oakley uses these designs in connection with the marketing of Oakley Products, including, but not limited to, the following patented designs, herein referred to as the "Oakley Designs."

| Patent Number | Claim | Issue Date |
|---|---|---|
| D568,918 | | May 13, 2008 |
| D581,443 | | November 25, 2008 |
| D581,444 | | November 25, 2008 |



16.    Oakley is the lawful assignee of all right, title, and interest in and to the United States Design Patent No. D568,918 ("the '918 Patent").  The '918 Patent was lawfully issued on May 13, 2008 with named inventor Peter Yee.

17.     Oakley is the lawful assignee of all right, title, and interest in and to the United States Design Patent No. D581,443 ("the '443 Patent").  The '443 Patent was lawfully issued on November 25, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee.

18.     Oakley is the lawful assignee of all right, title, and interest in and to the United States Design Patent No. D581,444 ("the '444 Patent").  The '444 Patent was lawfully issued on November 25, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee.

19.     Attached hereto as **Exhibit 2** are true and correct copies of the '918, '443, and '444 Patents.

20.     Oakley has not granted a license or any other form of permission to Defendant with respect to the Oakley Trademarks or the designs protected by the '918, '443, and '444 Patents.

**Defendant TMart Limited**

21.     Upon information and belief, Defendant TMart Limited is a corporation organized and existing under the laws of Hong Kong, and headquartered at Flat/RM 1502, Easey Commercial Building, 253-261 Hennessy Road, WanChai, Hong Kong.

22.     Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of the fully interactive, commercial website at TMart.com.  Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold, Infringing Products to consumers within the State of Illinois through the TMart.com website.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

23.     Defendant operates a fully interactive, commercial website located at TMart.com.

24.     Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its website at TMart.com bearing logos, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of the Oakley Trademarks (previously defined as the "Infringing Products").

25.     Defendant is involved in the importation, offering for sale, and/or sale of sunglasses that infringe the Oakley Designs (previously defined as the "Infringing Products").

26.     Oakley's investigator visited Defendant's website at TMart.com and purchased Infringing Products.

27.     The purchased Infringing Products were shipped to the State of Illinois.

28.     The purchased Infringing Products were inspected and it was determined that the products were counterfeit and infringed the Oakley Trademarks.

29.     A comparison of the Oakley Trademarks to Defendant's Infringing Products exemplifies Defendant's counterfeiting and infringement of the Oakley Trademarks.

| Oakley Trademarks | Defendant's Infringing Products |
|---|---|
| (Reg. No. 5,109,790) |  |
| OAKLEY<br>(Reg. Nos. 1,522,692 and 2,293,046)<br><br>FACTORY PILOT<br>(Reg. Nos. 2,698,855 and 2,740,800) |  |
| (Reg. No. 3,331,124) |  |

| Oakley Trademarks | Defendant's Infringing Products |
|---|---|
| OAKLEY<br>(Reg. Nos. 1,521,599, 3,153,943 and 3,771,517) |  |
| <br>(Reg. Nos. 1,984,501 and 3,771,516) |  |
| <br>(Reg. No. 3,151,994) |  |

30.     Oakley has previously contacted Defendant regarding trademark infringement and counterfeiting.  In 2014, Oakley discovered that Defendant was offering for sale and selling products bearing counterfeit versions of the Oakley Trademarks.  Oakley sent a cease and desist letter to Defendant on September 9, 2014.  A true and correct copy of the September 9, 2014 letter is attached hereto as **Exhibit 3**.

31.     Upon information and belief, Defendant is well aware of the extraordinary fame and strength of the Oakley Trademarks and the goodwill associated therewith.

32.     Defendant, without any authorization, license, or other permission from Oakley, has used the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products into the United States and Illinois over the Internet.

33.     Defendant's use of infringements and/or counterfeits of the Oakley Trademarks in the advertisement, distribution, offering for sale, and sale of the Infringing Products was willful.

34.     Defendant's willful use of infringements and/or counterfeits of the Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

35.     A comparison of Oakley's claim in the '918 Patent with an Infringing Product offered for sale on TMart.com exemplifies Defendant's infringement of United States Design Patent No. D568,918 owned by Oakley:



| Oakley '918 Design Claim | Defendant's Infringing Product |

36.     A comparison of Oakley's claim in the '443 Patent with an Infringing Product offered for sale on TMart.com exemplifies Defendant's infringement of United States Design Patent No. D581,443 owned by Oakley:



| Oakley '443 Design Claim | Defendant's Infringing Product |

37.    A comparison of Oakley's claim in the '444 Patent with an Infringing Product offered for sale on TMart.com exemplifies Defendant's infringement of United States Design Patent No. D581,444 owned by Oakley.



| Oakley '444 Design Claim | Defendant's Infringing Product |

38.    Upon information and belief, Defendant is well aware of the extraordinary fame of the Oakley Designs and the high-quality products associated therewith.

39.    Defendant, without any authorization, license, or other permission from Plaintiff, has used the Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products into the United States and Illinois over the Internet.

40. Defendant's use of infringements of the Oakley Designs in the making, using, offering to sell, selling, or importing of the Infringing Products was willful.

41. Defendant's willful use of infringements of the Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products, including the sale of Infringing Products into Illinois, is irreparably harming Oakley.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

42. Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered Oakley Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Oakley Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Oakley Products sold or marketed under the Oakley Trademarks.

44. Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeits of the Oakley Trademarks without Oakley's permission.

45. Oakley is the exclusive owner of the Oakley Trademarks. Oakley's United States Registrations for the Oakley Trademarks (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendant has knowledge of Oakley's rights in the Oakley Trademarks and is willfully infringing and intentionally using counterfeits of the Oakley Trademarks. Defendant's willful, intentional and unauthorized use of the Oakley Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

46.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.     Oakley has no adequate remedy at law, and if Defendant's actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Oakley Trademarks.

48.     The injuries and damages sustained by Oakley have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

49.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

50.     Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Oakley or the origin, sponsorship, or approval of Defendant's Infringing Products by Oakley.

51.     By using the Oakley Trademarks on the Infringing Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

52.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

53.     Oakley has no adequate remedy at law and, if Defendant's actions are not enjoined, Oakley will continue to suffer irreparable harm to its reputation and the goodwill of the Oakley brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

54.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

55.     Defendant has engaged in acts violating Illinois law including, but not limited to, passing off its Infringing Products as those of Oakley, causing a likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that its Infringing Products have Oakley's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

56.     The foregoing Defendant acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

57.     Oakley has no adequate remedy at law, and Defendant's conduct has caused Oakley to suffer damage to its reputation and associated goodwill.  Unless enjoined by the Court, Oakley will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## COUNT IV
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D568,918
### (35 U.S.C. § 271)

58.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

59.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '918 Patent.

60.     Defendant has infringed the '918 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

61.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### COUNT V
### INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D581,443
### (35 U.S.C. § 271)

62.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

63.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '443 Patent.

64.     Defendant has infringed the '443 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

65.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT VI**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D581,444**
**(35 U.S.C. § 271)**

66.     Oakley hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

67.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '444 Patent.

68.     Defendant has infringed the '444 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented invention.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

69.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Oakley prays for judgment against Defendant as follows:

1)  That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily and permanently enjoined and restrained from:

19

a. using the Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Oakley Product or is not authorized by Plaintiff to be sold in connection with the Oakley Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Oakley, that is not Oakley's or not produced under the authorization, control or supervision of Oakley and approved by Oakley for sale under the Oakley Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Oakley, or are sponsored by, approved by, or otherwise connected with Oakley;

d. further infringing the Oakley Trademarks and damaging Oakley's goodwill;

e. making, using, offering to sell, selling, or importing any products not authorized by Oakley and that include any reproduction, copy or colorable imitation of the designs claimed in Oakley's '918, '443, and '444 Patents;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any of Oakley's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the Oakley Trademarks, or Oakley's '918, '443, and '444 Patents; and

20

h.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g), above.

2)  That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Oakley a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through h, above;

3)  That Defendant account for and pay to Oakley all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Oakley Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4)  In the alternative, that Oakley be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c) of $2,000,000 (two million dollars) for each and every use of the Oakley Trademarks;

5)  That Oakley be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Oakley for infringement of Oakley's '918, '443, and '444 Patents, and all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's unauthorized use and infringement of Oakley's '918, '443, and '444 Patents;

6)  That Oakley be awarded from Defendant, as a result of Defendant's use of the Oakley Designs, three times Oakley's damages therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 U.S.C. § 284;

7)  That Oakley be awarded its reasonable attorneys' fees and costs; and

8)  Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Oakley hereby demands a trial by jury as to all issues so triable.

Dated this 27th day of June 2019.      Respectfully submitted,


/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Counsel for Plaintiff Oakley, Inc.*